Judge Underwood
delivered the opinion of the court.
It is true that this court will not reverse a judgment and award a new trial after the inferior court has refused one, asked for upon the ground that the verdict was against evidence, unless the record s[jews that the whole of the evidence given on the *607 trial is certified to this court. In motions for new trials, founded on the evidence alone, we cannot adjudicate upon a partial statement of the facts, and therefore undertake to decide that the inferior court erred. But this principle, so often recognized, does not preclude us from awarding a new trial against the opinion of the court below, where it appears that evidence was improperly admitted, although it does not appear that the record brought up, contains the whole of the evidence given on the trial.
Vendee who enters upon land under an executory contract and afterwards sues upon his title bond and obtains satisfaction, is es-topped (on ejectment brought against him by vendor) tode-ny vendor’s title.
Haggin, for plaintiff; Payne, for defendant.
Tn this case Woodyard entered under Fowler in virtue of an executory contract. Woodyard thereafter sued Fowler upon his title bond and obtained satisfaction. Law and justice then united in requiring that Fowler should be restored to the possession of the land. Fowler instituted this action of ejectment. Woodyard was estopped to deny Fowler’s title. Fowler proceeded upon the ground that Woodyard was his tenant, and as such, estopped. If this was the fact, Fowler was not obliged to exhibit title in order to recover, and if Woodyard was estop-ped, he should have been precluded from exhibiting an outstanding title, or to shew that Fowler had parted with his title. These things could not destroy the tenancy of Woodyard under Fowler, and without such tenancy, it was the duty of the jury to find against Fowler, because he did not exhibit a title. The court therefore erred in permitting the deed from Fowler to West to be given in evidence; see Hamilton vs. Taylor, Littell’s select cases, 444.
The record of the action of ejectment, the lessee of Ballinger, &c. vs. Fowler, &c. in which case the' land was recovered from Fowler, might have been proper had it been shewn that Fowler was dispossessed under the judgment, and that Woodyard had thereafter attorned to the lessors. But no such thing was shewn, and therefore we think Woodyard had no right to use that record to protect himself in possession against Fowler, after he had rescinded the Contract, by suit, upon the title bond, and recovered judgment.
Judgment reversed with costs, and cause remanded for a new trial.